A-570-909<br>
Remand (Court No. 17-269)<br>
**Public Document**<br>
E&C/OV: Team

**FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**
*Fastenal Company Purchasing v. United States*,
CIT 17-00269, ECF No. 41 (CIT November 12, 2020)

### I.   SUMMARY

The Department of Commerce (Commerce) has prepared these final results of redetermination pursuant to the remand order of the U.S. Court of International Trade (CIT) in *Fastenal Company Purchasing v. United States*, Court No. 17-00269, ECF No. 41 (CIT November 12, 2020) (*Remand Order*). This remand pertains to Commerce's determination[1] that zinc and nylon masonry anchors (zinc and nylon anchors) produced by Fastenal Company Purchasing (Fastenal) are within the scope of the antidumping duty order on certain steel nails from the People's Republic of China (China).[2] In light of intervening judicial precedent, Commerce is revisiting its prior determination. For the reasons stated below, we find that Fastenal's zinc and nylon anchors are not covered by the scope of the *Order*.

### II.   BACKGROUND

On October 13, 2017, Commerce issued a scope ruling in which we determined that Fastenal's zinc and nylon anchors were covered by the scope of the *Order*.[3] The ruling was appealed to the CIT. On June 11, 2018, the CIT stayed this case pending a final and conclusive determination from the U.S. Court of Appeals for the Federal Circuit (CAFC) in *OMG*.[4] On July

---

[1] *See* Memorandum, "Antidumping and Countervailing Duty Orders on Certain Steel Nails from the People's Republic of China: Final Scope Ruling on Fastenal Company Purchasing's Anchors," dated October 13, 2017 (Fastenal Scope Ruling).
[2] *See Notice of Antidumping Duty Order: Certain Steel Nails from the People's Republic of China*, 73 FR 44961 (August 1, 2008) (*Order*).
[3] *See generally* Fastenal Scope Ruling.
[4] *See OMG, Inc. v. United States*, 972 F.3d 1358 (Fed. Cir. 2020) (*OMG*).

22, 2019, the CIT ordered a continuation of the stay. On August 28, 2020, the CAFC issued its final decision in *OMG*. In light of the CAFC's decision, Commerce requested that the CIT remand this matter for further consideration. The CIT issued its *Remand Order* on November 12, 2020.

On January 12, 2021, Commerce released the draft results of redetermination to all interested parties and invited parties to comment.[5] Fastenal and the petitioner[6] filed comments expressing agreement with Commerce's draft results of redetermination.[7]

### III. ANALYSIS

In *OMG*, the CAFC determined that zinc masonry anchors produced by OMG, Inc. (OMG) were within the scope of the antidumping and countervailing duty orders on certain steel nails from the Socialist Republic of Vietnam (Vietnam).[8] The CAFC held that OMG's zinc and masonry anchors were not nails "because unlike nails, OMG's anchors were not designed for impact insertion."[9] The CAFC further held that, "OMG's anchors require a pre-drilled hole at least half an inch deeper than the anchor embedment with a diameter matching the shank diameter of the anchor{,}" and that, "{t}hough nails and OMG's anchors are both installed with the use of a hammer, unlike nails, OMG's anchors are not driven by impact through the materials to be fastened.[10] Finally, the CAFC concluded:

---

[5] *See* Memorandum, "Draft Results of Redetermination Pursuant to Court Remand," dated January 12, 2021.
[6] The petitioner is Mid Continent Steel & Wire, Inc.,.
[7] *See* Petitioner's Letter, "Certain Steel Nails from the People's Republic of China: Comments on Draft Results of Redetermination Pursuant to Court Remand, *Fastenal Company Purchasing v. United States*, CIT 17-00269, ECF No. 41 (CIT November 12, 2020)," dated January 19, 2021 (Petitioner Comments); and Fastenal's Letter, "Comments on Draft Results of Redetermination, CIT Court No. 17-269: Zinc & Nylon Anchors – Certain Steel Nails from the People's Republic of China," dated January 19, 2021 (Fastenal Comments).
[8] *See OMG*, 972 F.3d at 1363-66; *see also Certain Steel Nails from the Socialist Republic of Vietnam: Countervailing Duty Order*, 80 FR 41006 (July 14, 2015); and *Certain Steel Nails from the Republic of Korea, Malaysia, the Sultanate of Oman, Taiwan, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 80 FR 39994 (July 13, 2015) (collectively, *Vietnam Nails Orders*).
[9] *See OMG*, 972 F.3d 1358, 1364.
[10] *Id.* at 1364-65.

2

Commerce's original decision that OMG's anchors are unambiguously within the scope of the Orders is contrary to law and not supported by substantial evidence because Commerce failed to consider the relevant question. Commerce based its conclusion that OMG's anchors are "nails ... constructed of two or more pieces" on the steel pin component of OMG's anchors when it should instead have considered OMG's anchors as unitary articles of commerce.[11]

As an initial matter, we recognize that, although *OMG* involved the *Vietnam Nails Orders*, the language of the scope of the *Order* is very similar to the scope of the *Vietnam Nails Orders*. Further, the specific language at issue ("Certain steel nails may be of one-piece construction or constructed of two or more pieces") is identical across the scope of the *Order* and the *Vietnam Nails Orders*. In addition, in the underlying Fastenal Scope Ruling, Commerce relied on the OMG scope ruling as a prior scope ruling under 19 CFR 351.225(k)(1) in support of our finding that Fastenal's zinc and nylon anchors were covered by the scope of the *Order*.[12] For these reasons, we find the CAFC's decision in *OMG* to be applicable to our consideration of the "nails…constructed of two or more pieces" language.

Like OMG's zinc masonry anchors, Fastenal's zinc and nylon anchors are masonry anchors, unitary articles of commerce, which require pre-drilled holes for installation in addition to the use of a hammer, among other similarities. Because of the similarities between OMG's zinc masonry anchors and Fastenal's zinc and nylon anchors, and in light of the intervening decision of the CAFC, we now find that Fastenal's anchors are not "nails…constructed of two or more pieces" and, therefore, are not covered by the scope of the *Order*.

---

[11] *Id.* at 1365.
[12] *See* Fastenal Scope Ruling at 6-7 and 14 (identifying prior determinations, including the scope ruling underlying the *OMG* decision, as examples of rulings on similar merchandise).

3

### IV.  COMMENTS ON DRAFT RESULTS OF REDETERMINATION

*Fastenal's Comments*

- Fastenal agrees with Commerce's determination that Fastenal's zinc and nylon anchors are not covered by the scope of the *Order*, in light of the CAFC's decision in *OMG*.[13]

*The Petitioner's Comments*

- The petitioner agrees with Commerce's determination that Fastenal's zinc and nylon anchors are not covered by the scope of the *Order*, in light of the CAFC's decision in *OMG*.[14]

*Commerce's Position:* Fastenal and the petitioner do not raise any objections to the draft results of redetermination. Therefore, consistent with our position in the draft results of redetermination, we continue to determine that Fastenal's zinc and nylon anchors are not covered by the scope of the *Order*, as explained above.

### V.  FINAL RESULTS OF REDETERMINATION

Should these final results of redetermination be sustained by the CIT, Commerce intends to issue an amended final scope ruling finding that Fastenal's zinc and nylon anchors are not covered by the scope of the *Order*.

2/9/2021

X _____

Signed by: CHRISTIAN MARSH

Christian Marsh
Acting Assistant Secretary
 for Enforcement and Compliance

---

[13] *See* Fastenal Comments at 1.
[14] *See* Petitioner Comments at 2.